IN THE DISTRICT COURT IN AND FOR
THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

CASE NO.

JENNIFER ZONZO,

    Plaintiff,

v.

MUTUAL MANAGEMENT SERVICES, INC.,
a corporation, and GARY L. HAMBURG, a
individual,

    Defendants.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4.    Plaintiff, JENNIFER ZONZO ("Plaintiff"), is a natural person who at all relevant times resided in the State of Illinois, County of Boone, and City of Poplar Grove.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, MUTUAL MANAGEMENT SERVICES, INC., ("MMS"), is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. At all relevant times herein, Defendant, Gary L. Hamburg ("Defendant Hamburg") was owner and/or director of Defendant MMS. As an officer, shareholder and/or director of Defendant MMS, Defendant Hamburg was responsible for the overall success of the company. Defendant Hamburg is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6): he materially participated in collecting debt by occupying a position of critical importance to Defendant MMS's business; as the owner of Defendant MMS, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant MMS's affairs and Defendant Hamburg continued to play a key role in maintaining and expanding Defendant Hamburg debt collection activities throughout the time in question.

8. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

12. Defendants, in connection with the collection of an alleged debt, placed multiple calls to Plaintiff at Plaintiff's place of employment, despite Plaintiff's apprising Defendants that calls to her place of employment were inconvenient for Plaintiff.

13. Defendants sent Plaintiff written communication dated January 6, 2011, in which Defendants apprised Plaintiff that "[y]our legal case number 09SC219 is now paid in full." However, in that same correspondence, Defendants further stated, in relevant part, "[h]owever, there are 3 accounts totaling $3,196.46 that were not included in the case." As such, the January 6, 2011 correspondence constituted initial written communication to Plaintiff regarding the alleged debts to which Defendants referenced, with none of the notices required pursuant to §1692(g)(a) *et seq.*, nor were said noticed provided to Plaintiff within five (5) days thereof. (See January 6, 2011 correspondence, attached hereto as Exhibit "A").

14. During a telephonic communication with Plaintiff on January 25, 2011 at 10:33 A.M., Defendants, via their agent and/or employee, threatened Plaintiff with garnishment proceeds, despite the fact that Defendants possessed no judgment against Plaintiff at the time the threat was made, evidencing the threat to be an action Defendants could not legally take and/or did not intent to take. Furthermore, said threat was made within the thirty (30) day dispute period, overshadowing the disclosures required pursuant to 15 U.S.C. §1692(g)(a) *et seq*.

15. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to

Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

17. Defendants violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

19. Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(5);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

21. Defendants violated 15 U.S.C. § 1692g(a) *et seq*. by failing to provide notice in the initial communication with Plaintiff, or in writing within 5 (five) days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated 15 U.S.C. § 1692g(a) *et seq*.;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

23. Defendants violated 15 U.S.C. § 1692g(a) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this __ day of May, 2011.

Respectfully submitted,
**JENNIFER ZONZO**


By:_____
ALEX D. WEISBERG
IL BAR NO.: 6271510
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com